**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PAMALA CORNELL,**
**Plaintiff,**

**v.**

**MEIGS COUNTY CARE CENTER, LLC,**
**Defendant.**

**Case Number 2:25-cv-876**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

**OPINION AND ORDER**

This matter is before the Court on Defendant Meigs County Care Center, LLC's Motion to Partially Dismiss Plaintiff's Complaint. (ECF No. 4.) Plaintiff Pamala Cornell responded in opposition (ECF No. 7), and Defendant replied in support (ECF No. 8). For the reasons below, the Court **GRANTS** Defendant's Motion to Partially Dismiss. (ECF No. 4.)

**BACKGROUND**

In this action, Ms. Cornell sues her former employer, Meigs County Care Center, LLC d/b/a Overbrook Rehabilitation Center ("Overbrook"), bringing claims for disability discrimination and failure to accommodate her disability under Ohio law, as well as interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (ECF No. 1.) The Court summarizes the factual allegations set forth in Ms. Cornell's Complaint and accepts them as true for purposes of Overbrook's Motion to Partially Dismiss.

Ms. Cornell suffers from low blood pressure and osteoarthritis. (*Id.* ¶ 15.) She began working at Overbrook in January 2008 as a Licensed Practical Nurse. (*Id.* ¶¶ 13–14.) In January 2023, Ms. Cornell requested that her hours be reduced from 84 hours every two weeks to 72 hours every two weeks. (*Id.* ¶¶ 21–23.) Overbrook denied that request and suggested that she work part time, 36 hours every two weeks, instead. (*Id.* ¶¶ 24–25.) Ms. Cornell explained that

she needed to work full time to keep her health insurance. (*Id.* ¶ 26.) Overbrook told Ms. Cornell that she could either continue working 84 hours every two weeks or face discipline and termination. (*Id.* ¶ 27.)

In April and May 2023, Ms. Cornell requested intermittent FMLA leave on two occasions, and Overbrook denied those requests, alleging that Ms. Cornell was not disabled. (*Id.* ¶¶ 45–48.) In July 2023, Ms. Cornell requested intermittent FMLA leave again, and Overbrook failed to respond. (*Id.* ¶¶ 49–50.) Then, in August 2023, Overbrook terminated Ms. Cornell's employment. (*Id.* ¶ 51.) Ms. Cornell alleges she was terminated because of her disabilities and FMLA requests. (*Id.* ¶¶ 61–62.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a plaintiff must satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

Pursuant to Rule 12(b)(6), Overbrook moves to dismiss Ms. Cornell's disability discrimination and failure to accommodate claims, which are brought under Ohio Revised Code §§ 4112.01 and 4112.02. (ECF No. 4; ECF No. 1, ¶¶ 83–102.) Overbrook argues the Complaint labels Ms. Cornell as disabled but does not allege facts to support that conclusion. (ECF No. 4, PageID 23.) Ms. Cornell responds that she has adequately set forth a short and plain statement of her claims, and various details about her disabilities need not be pled at this stage of litigation. (ECF No. 7, PageID 35–38.) Alternatively, Ms. Cornell seeks leave to amend her Complaint. (*Id.* PageID 38–39.)

Ohio law prohibits "any employer, because of the . . . disability . . . of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." Ohio Rev. Code § 4112.02(A). "Disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." *Id.* § 4112.01(13). A plaintiff must show she has a disability to succeed on a disability discrimination or failure to accommodate claim under Ohio law. *See Kaiman v. Teledyne Instruments, Inc.*, No. 1:22-cv-100, 2022 WL 1469796, at *4–5 (S.D. Ohio May 10, 2022) (Dlott, J.).

Ms. Cornell alleges that she "suffers from low blood pressure and osteoarthritis" and these conditions "substantially limit[] one or more major life activities, such as standing and walking." (ECF No. 1, ¶¶ 15, 17.) The Complaint does not otherwise describe Ms. Cornell's

alleged disabilities or their impact on her life. Ms. Cornell fails to include factual allegations that make it plausible her conditions substantially limit one or more of her major life activities. *See Southall v. Ford Motor Co.*, 645 F. Supp. 3d 826, 834 (S.D. Ohio 2022) (Cole, J.). Instead, she names her conditions and then repeats the statutory definition of a disability. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Ms. Cornell's allegations are insufficient to survive Overbrook's Motion to Partially Dismiss.

As for the other definitions of disability under Ohio law, a "record of a physical or mental impairment" and "being regarded as having a physical or mental impairment," Overbrook notes that Ms. Cornell's allegations are conclusory. (ECF No. 4, PageID 27); Ohio Rev. Code § 4112.01(13). Ms. Cornell does not respond to this point, and the Court agrees with Overbrook. The Complaint merely alleges that (1) "Cornell has a record of Cornell's Disabilties [sic]" and (2) "[i]n the alternative, Overbrook perceived Cornell as disabled." (ECF No. 1, ¶¶ 18, 20.) Again, these formulaic recitations of the statutory definition of disability are inadequate.

For these reasons, Ms. Cornell's Complaint fails to plausibly allege claims for disability discrimination or failure to accommodate a disability under Ohio law.

As an alternative to her request that the Court deny Overbrook's Motion to Partially Dismiss, Ms. Cornell seeks leave to amend her Complaint to provide details about how her conditions limit her life activities. (ECF No. 7, PageID 38–39.) Overbrook does not appear to oppose Ms. Cornell's request to amend. In its reply brief, Overbrook provides no substantive argument against amendment and says Ms. Cornell's Complaint "should be dismissed *or amended*." (ECF No. 8, PageID 41, 45 (emphasis added).) Federal Rule of Civil Procedure 15(a)(2) provides that when a party seeks leave of court to file an amended pleading, "[t]he court

should freely give leave when justice so requires." Considering the liberal policy in favor of amendment and Overbrook's non-opposition, Ms. Cornell is granted leave to amend.

More specifically, the Court grants Overbrook's Motion to Partially Dismiss Plaintiff's Complaint (ECF No. 4) and dismisses without prejudice Ms. Cornell's state-law disability discrimination and failure to accommodate claims. Ms. Cornell is granted leave to file an amended complaint to allege that she has a disability, but must do so within 21 days of the date of this Opinion and Order. If Ms. Cornell does not file an amended complaint within that timeframe, the dismissal of her disability discrimination and failure to accommodate claims will automatically convert into a dismissal with prejudice.

**CONCLUSION**

For the reasons above, the Court **GRANTS** (ECF No. 4) Defendant Meigs County Care Center, LLC's Motion to Partially Dismiss Plaintiff's Complaint. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Pamala Cornell's disability discrimination and failure to accommodate claims brought under Ohio law. Ms. Cornell is **GRANTED** leave to file an amended complaint to allege that she has a disability under Ohio law **within 21 days** of the date of this Opinion and Order. If Ms. Cornell does not file an amended complaint within that timeframe, the dismissal of her disability discrimination and failure to accommodate claims will automatically convert into a dismissal with prejudice.

This case remains open.

**IT IS SO ORDERED.**

**8/27/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**